UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOTHERS AGAINST INSTITUTIONAL
NEGLIGENCE, INC.; NIJA JOHNSON
17A1988; DEJIORE FOX 18A3439;
MARQUISE WILLIAMS 2019-00120;
DAMEON TRENT 2018-05048,

                  Plaintiffs,

-against-

THE STATE OF NEW YORK,

                  Defendant.

19-CV-3966 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Regina Lewis, proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint that listed the following Plaintiffs: Mothers Against Institutional Negligence, Inc. (MAIN); Nija Johnson 17A1988, who is incarcerated at Sullivan Correctional Facility; Dejiore Fox 18A3439, in custody at Great Meadow Correctional Facility; and Marquise Williams 2019-00120, and Dameon Trent 2018-05048, both of whom are at the Orange County Jail. Only Lewis, who claimed to be the "MAIN CEO," signed the complaint or submitted an IFP application.[1] On May 20, 2019, the Court dismissed the complaint without prejudice. On May 30, 2019, Plaintiff submitted a letter stating that the Court's May 20, 2019 order was "erroneous" and "in conflict with" Second Circuit precedent, and that it was her intention to file the complaint "as a next friend" under Federal Rule of Civil Procedure 17. (ECF No. 8.)

    The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the

---

[1] Lewis apparently signed the complaint and submitted IFP applications for the other Plaintiffs.

alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in her motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff has been declared incompetent to represent herself in matters before this court. *See Lewis v. Newburgh*

*Hous. Auth.*, No. 11-CV-3194 (LMS) (S.D.N.Y. Oct. 10, 2017) (holding that under Federal Rule of Civil Procedure 17(c), "Plaintiff is not legally competent to proceed without the appointment of a [guardian *ad litem*]"). The Second Circuit has instructed the district courts not to make a merits determination in an incompetent person's federal civil action unless the incompetent person is represented by a guardian *ad litem* who is represented by counsel. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134-35 (2d Cir. 2009). District courts may dismiss such an action without prejudice if the incompetent person lacks counsel. *See id.* at 135. Plaintiff cannot represent herself, another individual, or an entity in this Court. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.*

3

*Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, the motion for reconsideration (ECF doc. # 8) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket.

The case in this Court under Docket No. 19-CV-3966 is closed. No further documents will be accepted for filing except for those that are directed to the Second Circuit Court of Appeals.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 10, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.